UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Progressive Northern Insurance Company,<br>Progressive Classic Insurance Company,<br>Progressive Specialty Insurance Company,<br>Progressive Casualty Insurance Company,<br>and Progressive Northwestern Insurance<br>Company,<br><br>                          Plaintiffs,<br>v.<br><br>Alivio Chiropractic Clinic, Inc.;<br>Joshua Jason Anderson, D.C.; Alexis<br>Alarcon Aguilar; Andrea Kay Bongart,<br>individually and d/b/a Sunshine Clinical<br>Bodyshop; and Mark Anthony Karney,<br>attorney at law, d/b/a Karney & Associates,<br><br>                          Defendants. | Civil No. 05-0951 (PAM/RLE)<br><br><br><br><br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion for a Preliminary Injunction. On Tuesday, June 7, 2005, the Court granted Plaintiffs' Motion for an Ex Parte Temporary Restraining Order, which prohibited Defendants from destroying "computers, hard drives, mother boards, computer tapes, disks or other computerized records, including e-mail messages; medical records or data generated or maintained by Defendants; billing records or data generated or maintained by Defendants; all business records generated or maintained by Defendants; and all financial and accounting records generated or maintained by Defendants." (June 7, 2005, Order at 2-3.) The Motion was continued to June 24, 2005.

Plaintiffs now seek a Preliminary Injunction, prohibiting Defendants from destroying the above material, but also requiring Defendants to allow Plaintiffs to access its computer

systems to download all information within five business days, and further ordering Defendants to provide copies of all the above records within five business days. Plaintiffs also want Defendants to disclose the identity of the computer programs and operating software so that Plaintiffs can ensure that they will be able to facilitate the copying of the information from Defendants' computers.

A preliminary injunction may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that the public interest favors the movant; and (4) that the movant will suffer irreparable harm absent the restraining order. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Injunctive relief is considered to be a "drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993).

Plaintiffs fail to submit any evidence whatsoever to indicate that Defendants will not diligently preserve relevant evidence. There is no indication that Defendants have destroyed relevant evidence, or that Defendants will disregard their legal obligation to preserve potentially relevant evidence. Although they claim that loss of this evidence will impede their ability to prevail on this action, there is no reason to believe that Plaintiffs will not receive this evidence through the normal discovery process.

Furthermore, Plaintiffs fail to indicate why they must have this evidence within 5 business days, or why the normal discovery process will be insufficient. Although Plaintiffs claim that they would bear the burden of obtaining the relevant evidence during non-business

hours, this effort does not eliminate the undue burden that Defendants will face. Moreover, the evidence that Plaintiffs seek may be potentially privileged or otherwise confidential, and such broad disclosure would destroy this protection. Although the claims that Plaintiffs bring are serious in nature, the seriousness of such allegations does not deprive Defendants of due process and their rights under law.

Plaintiffs essentially seek to circumvent the rules of discovery, and have failed to submit any persuasive reason why they should be entitled to immediate possession of relevant documents. The discovery process exists to protect all parties in active litigation. All parties are obligated to preserve potentially relevant evidence, and are obligated to produce such evidence within the bounds of the Rules of Civil Procedure. Furthermore, discovery mechanisms exist to ensure that the parties will comply with such discovery obligations and maintain the balance of harms. Indeed, the public interest is served by requiring the parties to obtain the evidence through the proper channels and procedures.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Preliminary Injunction (Clerk Doc. No. 31) is **DENIED.**

Dated: June 24, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
