UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Progressive Northern Insurance Company,
Progressive Classic Insurance Company,
Progressive Specialty Insurance Company,
Progressive Casualty Insurance Company,
and Progressive Northwestern Insurance
Company,

Civil No. 05-0951 (PAM/RLE)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Alivio Chiropractic Clinic, Inc.;
Joshua Jason Anderson, D.C.; Alexis
Alarcon Aguilar; Andrea Kay Bongart,
individually and d/b/a Sunshine Clinical
Bodyshop; and Mark Anthony Karney,
attorney at law, d/b/a Karney & Associates,

Defendants.

This matter is before the Court on Defendant Mark Anthony Karney's Motion to

Dismiss.  For the reasons that follow, the Motion is granted in part and denied in part.

**BACKGROUND**

**A.      The Parties**

This action was filed in June 2005.  The underlying claims include violation of the

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO"), and a

RICO conspiracy, 18 U.S.C. § 1962(d).  Minnesota state law claims include unjust enrichment,

intentional and negligent misrepresentation, and constructive trust.  Plaintiffs include

Progressive Northern Insurance Company, Progressive Classic Insurance Company,

Progressive Specialty Insurance Company, Progressive Casualty Insurance Company, and

Progressive Northwestern Insurance Company.   Defendants include Alivio Chiropractic Clinic, Inc. ("Alivio"), Joshua Jason Anderson, Alexis Alarcon Aguilar, Andrea Kay Bongart, Mark Karney, and Adolfo Cardona.  Defendant Mark Karney brings this Motion to Dismiss.

**B.      The Allegations**

The essence of Plaintiffs' claims are that Defendants have conspired and/or schemed to exploit illegal aliens within Minnesota in order to defraud insurance companies and policy holders for medical expense benefits under the Minnesota No-Fault Automobile Insurance Act. This exploitation has purportedly resulted in direct financial gain for Defendants, because the scheme inflates the nature and value of the injury claims to meet the required tort thresholds, for the purposes of obtaining higher personal injury settlements for car accidents within Minnesota.  (See Compl.)[1]

Plaintiffs claim that Defendants employed "runners" or "cappers" to seek out car accidents and befriend illegal Hispanic victims.   The runners then brought these victims back to Alivio Chiropractic Clinic for a medical examination.   The clinic allegedly exaggerated the medical diagnosis, and then allegedly ordered exaggerated chiropractic and massage care for the victim.  Defendants then submited billing to the insurers, based on these false services and collected payment that they were not entitled to.   If questions or disputes arose, Defendants referred to their attorney, Defendant Mark Karney.   If the victims sought to cease treatment or expose the scheme, Defendants allegedly threatened to expose the victims' illegal

---

[1]   Because the original Complaint was the governing complaint at the time this Motion was filed, the Court will refer to the original Complaint throughout this Order.

immigration status.    In 2004, Plaintiffs suspended payments based on the billing patterns and the nexus between all Defendants and began an investigation.  This litigation ensued.

The crux of Plaintiffs' allegations against Defendant Karney is that he "actively participated in, directed and profited from, the fraud at Alivio [] . . . [and] actively participated in the scheme by performing legal services for [Alivio] and its patients; by providing referrals of his Hispanic clients to [Alivio] and by submitting and notarizing false documents in support of those claims."  (Compl. ¶ 39.)   The Complaint alleges that Defendant Karney's office and the other Defendant entities "operate as a single enterprise to exploit illegal Hispanic immigrants for purposes of defrauding no-fault insurance carriers directly for medical expense benefits and misrepresenting the extent and nature of the injuries for personal injury settlement with liability insurance companies."   (Id. ¶ 42.)    The Complaint also contains general allegations that Defendant Karney represented various claimants, filed for no-fault arbitration on behalf of those claimants, refused to allow these claimants to submit to independent medical examinations, and otherwise defended these claimants in no-fault arbitration proceedings.   (See, e.g., ¶¶ 90-91.)  Plaintiffs further allege that Defendant Karney: (1) improperly notarized claim documents (see e.g., Compl. ¶¶ 55-56, 105); (2) submitted false documents with the intent to defraud Plaintiffs (id. ¶ 64); (3) "coordinated with the other Defendants to submit documents at the arbitration that misrepresented the nature, extent and severity of [a claimant's] injuries in support of payment for the fraudulent medical bills that had been submitted" (id. ¶ 72); and (4)  "created the false signatures of [a claimant] in support of the scheme for dates of treatment that did not exist" (id. ¶ 106). Plaintiffs accuse Defendant

Karney of forming an "association-in-fact for the purpose of defrauding Plaintiffs," and that he "conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity."    (Id. ¶¶ 120, 122) (internal quotations omitted). Plaintiffs complain that Defendant Karney participated in the predicate acts of mail fraud, wire fraud, relating to tampering with a witness, victim or informant, and relating to bringing in and harboring certain aliens.    Plaintiffs allege that these acts over the last two years constitute a pattern under law.  (See id. ¶ 123.)  Plaintiffs also allege that Defendant Karney conspired with other Defendants to participate in these racketeering activities.    (Id. ¶ 134.)    In addition, Plaintiffs allege state law claims of unjust enrichment, negligent and intentional misrepresentation, and constructive trust.

## C.    Defendant Karney's Motion

Defendant Karney brings this Motion to Dismiss on all of Plaintiffs' claims against him.  He contends that the RICO claims fail to state a claim, and that even so, Plaintiffs fail to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b).    He also contends that the claims for unjust enrichment, intentional and negligent misrepresentation, and constructive trust fail to state a claim and must be dismissed.

## DISCUSSION

## A.    Standard of Review

For the purposes of the Motion to Dismiss, the Court takes all facts alleged in the Complaint as true.  Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  The Court must construe the allegations in the Complaint and reasonable inferences arising from the

4

Complaint favorably to Plaintiff.   Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).   A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief."   Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## B.   Federal RICO Act, 18 U.S.C. § 1962

To state a claim under the federal RICO Act, Plaintiffs must plead that each Defendant violated RICO and that Plaintiffs were injured as a result of the violation.   18 U.S.C. § 1964(c). "A violation of § 1962(c) . . . requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."   Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). Plaintiffs' conspiracy claim under § 1962(d) depends on the success of Plaintiffs' claim under § 1962(c).   See 18 U.S.C. § 1962(d).

Defendant Karney first complains that the Complaint fails to contain any facts indicating that he participated in the "operation or management" of the alleged enterprise.   See Handeen v. Lemaire, 112 F.3d 1339, 1347 (8th Cir. 1997).   Rather, he asserts that Plaintiffs merely accuse him of zealously and aggressively representing his clients in seeking benefits from Plaintiffs.   The Complaint broadly alleges that all Defendants together formed the enterprise and that all Defendants conducted or participated in the conduct of the enterprise. Although the Complaint does plainly allege Plaintiffs' frustration with Karney's legal practices, the Complaint also alleges that Karney's legal practices were part of the enterprise that sought to defraud Plaintiffs.   In particular, the Complaint accuses Karney of improperly

notarizing documents, creating false or misleading documents, and submitting false or misleading documents in no-fault arbitration proceedings.

Generally, "an attorney or other professional does not conduct an enterprise's affairs through run-of-the-mill provision of professional services." See Handeen, 112 F.3d at 1348. However, "[a]n attorney's license is not an invitation to engage in racketeering." Id. at 1349. Thus, "[t]he polestar is the activity in question, not the defendant's status." Id. Plaintiffs must allege that Defendant Karney actually participated in the "operation or management" of the enterprise itself. See Reves v. Ernst & Young, 507 U.S. 170 (1993). If an attorney "crosses the line between traditional rendition of legal services and active participation in directing the enterprise," then the attorney may be liable under RICO. Handeen, 112 F.3d at 1349. If the allegations and the supporting facts indicate that Karney played some role in the conception, creation, or execution of the scheme to defraud, then the allegations sufficiently allege that Karney participated in the management or operation of the enterprise because Karney assumed some part of directing the affairs of the enterprise. Id. at 1350-51.

After careful examination of the Complaint, the Court finds that Plaintiffs' allegations against Defendant Karney fail to satisfy the rigorous standards adopted in Handeen and Reeves. Although the Complaint alleges that Defendant Karney falsely notarized documents and submitted misleading documents in arbitration proceedings, the distinguishing element is that the Complaint does not allege how Defendant Karney operated or managed the enterprise to defraud Plaintiffs. There are no facts to support Defendant Karney's direct involvement in the creation or conception of the alleged enterprise, or that he enjoyed any measure of authority

in the decision making process of the enterprise.  See Handeen, 112 F.3d at 1350.  Defendant Karney may have participated by representing some of the claimants or by improperly notarizing documents, but the statute and law requires that Defendant Karney actually participate in the operation or management of the enterprise.  See Bennett v. Berg, 710 F.2d 1361, 1364 (8th Cir. 1983) ("Mere participation in the predicate offenses listed in RICO . . . may be insufficient to support a RICO cause of action.  A defendant's participation must be in the conduct of the affairs of the RICO enterprise, which ordinarily will require some participation in the operation or management of the enterprise itself."); see also Nolte v. Pearson, 994 F.2d 1311, 1317 (8th Cir. 1993) (attorneys who prepared allegedly false opinion letters and other memoranda regarding music recording leasing program did not participate in "operation and management"); Morin v. Trupin, 835 F. Supp. 126, 135 (S.D.N.Y. 1993) (defendants who drafted and mailed fraudulent documents and directed principals in the enterprise to sign the documents did not participate in the operation or management of the enterprise).  Moreover, although the Complaint alleges that the scheme involved fifty-five incidents of fraudulent claims, the Complaint only connects Defendant Karney to seven incidents.  Taking the allegations as true, as the Court must do, the Complaint fails to support an inference that Defendant Karney engaged in the operation or management of the enterprise.  Therefore, Plaintiffs' allegations against Defendant Karney for violating 18 U.S.C. § 1962(c) fail.  Because the § 1962(c) claim fails, the conspiracy claim under § 1962(d) likewise fails.  Defendant Karney's Motion to Dismiss is therefore granted in this regard.

**C.      State Law Claims**

1.      <u>Unjust Enrichment and Constructive Trust</u>

Unjust enrichment requires Plaintiffs to prove that Defendant Karney received something of value, which he was not entitled to, under circumstances that would make it unjust to permit its retention.   <u>See</u> <u>Southtown Plumbing, Inc. v. Har-Ned Lumber Co. Inc.</u>, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992).   "A constructive trust is an equitable remedy imposed to prevent unjust enrichment and is completely dissimilar to an express or resulting trust." <u>Freundschuh v. Freundschuh</u>, 559 N.W.2d 706, 711 (Minn. Ct. App. 1997).   Under Minnesota law, unjust enrichment and constructive trusts are equitable remedies that Plaintiffs may not pursue unless there is no adequate remedy at law.   <u>See</u> <u>Southtown Plumbing, Inc.</u>, 49 N.W.2d at 140.   Plaintiffs must show that Defendant Karney "was unjustly enriched in the sense that the term unjustly could mean illegally or unlawfully."   <u>First Nat'l Bank of St. Paul v. Ramier</u>, 311 N.W.2d 502, 504 (Minn. 1981) (internal quotations omitted).   Defendant Karney insists that this claim must be dismissed because Plaintiffs have not alleged any illegal or unlawful acts.

The Complaint alleges that Karney zealously represented his clients, but it also alleges that Karney submitted false documents to Plaintiffs in support of insurance benefit claims. Indeed, assuming the allegations as true, the Complaint alleges that Defendant Karney improperly notarized a document and submitted false claim documents to Plaintiffs and that Defendant Karney benefitted from these false submissions.   False certification by a notary public is unlawful under Minnesota law and submission of false affidavits by an attorney violates the rules of professional conduct and may constitutes fraud. <u>See</u>, <u>e.g.</u>, Minn. Stat.

§ 609.65(2); Minn. R. Prof'l Conduct § 8.4.   Because the Complaint contains allegations of unlawful or illegal acts, these allegations are sufficient to withstand this Motion to Dismiss. Defendant Karney's Motion on this point is denied.

       2.    <u>Intentional and Negligent Misrepresentation</u>

Plaintiffs claim that "[i]n submitting claim, medical records, and other materials to the Plaintiffs, Defendant[] . . . made, or caused to be made, materially false representations to Plaintiffs when [he] knew the representations were false and with no reasonable ground for believing them to be true, and omitted, or caused to be omitted, material information that [he] had a duty to disclose."   (Compl. ¶ 143.)   Specifically, the Complaint alleges that Defendant Karney supplied false information to Plaintiffs, misrepresented the nature, extent, and treatment of claimants' injuries, and that Plaintiffs relied on these falsehoods to their detriment. (<u>Id.</u> ¶ 144.)

Defendant Karney submits that the Complaint fails to contain any factual allegations about the actual misrepresentations of fact made by Defendant Karney on any of these medical records.   He argues that the Complaint fails to allege that he created the fraudulent documents. However, the Complaint alleges that Defendant Karney made improper notarizations, created a forged signature, and otherwise submitted false claim documents to Plaintiffs, and that he knew that these representations were false.   It further alleges that because of these misrepresentations submitted to Plaintiffs by Defendant Karney through the course of the claims process and no-fault arbitrations, Plaintiffs paid out claim benefits to their detriment.

At this stage of the litigation, the Court finds that the allegations sufficiently state claims for intentional and negligent misrepresentation. Whether Plaintiffs will successfully prevail on the merits of this claim is another matter – but one for another day. Thus, Defendant Karney's Motion on this point is denied.

3.     Health Care Fraud

Count Six of Plaintiffs' Complaint also alleges that Defendants have knowingly and willfully made false statements relating to health care matters, in violation of 18 U.S.C. § 1035. However, Plaintiffs admit that this statute does not provide a private right of action. (Compl. ¶ 154.) Plaintiffs do not otherwise address this claim. Accordingly, to the extent that the Complaint states a cause of action for violation of 18 U.S.C. § 1035, this claim is dismissed.

**CONCLUSION**

Plaintiffs' RICO allegations fail to satisfy the pleading requirements established by the Supreme Court and the Eighth Circuit. However, the allegations sufficiently state a claim for unjust enrichment, constructive trust, and intentional and negligent misrepresentation. Accordingly, **IT IS HEREBY ORDERED** that:

1.     Defendant Mark Karney's Motion to Dismiss (Clerk Doc. No. 56) is **GRANTED in part** and **DENIED in part**; and

2.     Counts I, II, and VI against Defendant Karney are **DISMISSED with prejudice.**

Dated: October 22, 2005                                    s/ Paul A. Magnuson_____
                                                         Paul A. Magnuson
                                                         United States District Court Judge

10