UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Progressive Northern Insurance Company,  Civil No. 05-0951 (PAM/RLE)
Progressive Classic Insurance Company,
Progressive Specialty Insurance Company,
Progressive Casualty Insurance Company,
and Progressive Northwestern Insurance
Company,

                Plaintiffs,

v.  **MEMORANDUM AND ORDER**

Alivio Chiropractic Clinic, Inc.;
Joshua Jason Anderson, D.C.; Alexis
Alarcon Aguilar; Andrea Kay Bongart,
individually and d/b/a Sunshine Clinical
Bodyshop; Mark Anthony Karney,
attorney at law, d/b/a Karney & Associates;
and Adolfo Cardona,

                Defendants.

---

This matter is before the Court on Defendants' Joint Motion to Stay Proceedings. For the reasons that follow, the Motion is granted with two exceptions. The parties may continue briefing Defendant Adolfo Cardona's Motion to Dismiss, which the Court will hear as scheduled on April 6, 2006, and Plaintiffs may file a formal motion under Federal Rule of Civil Procedure 65 for the relief they request in their Memorandum in Opposition.

**BACKGROUND**

Plaintiffs are insurance companies that provide automobile insurance. Defendants are Alivio Chiropractic Clinic, Inc. ("Alivio"); Joshua Jason Anderson, a chiropractor and owner of Alivio; Alexis Alarcon Aguilar, the office manager at Alivio; Andrea Kay Bongart, a massage

therapist at Alivio; Mark Karney, an attorney; and Adolfo Cardona, another owner of Alivio. Plaintiffs claim that Defendants have conspired and schemed to exploit illegal aliens in Minnesota to defraud insurance companies for medical expense benefits under the Minnesota No-Fault Automobile Insurance Act.  According to Plaintiffs, Defendants employed "runners" or "cappers" to seek out car accidents and befriend victims who are illegal aliens.  The runners brought these victims back to Alivio for a medical examination.  The clinic allegedly exaggerated the medical diagnoses and ordered unnecessary chiropractic and massage care for the victims.  Defendants submitted billing to the insurers based on these false services and collected payment to which they were not entitled.  If questions or disputes arose, Defendants turned to their attorney, Defendant Karney.  If the victims sought to cease treatment or expose the scheme, Defendants allegedly threatened to expose their illegal immigration status.  In 2004, Plaintiffs suspended payments to Defendants and began an investigation.  This litigation ensued.

After Plaintiffs filed suit, the United States Attorney impaneled a grand jury and commenced an investigation into Defendants' conduct.  The Federal Bureau of Investigation has executed a search warrant on the business premises of Defendants Anderson and Alivio. The government has also served subpoenas on Defendants Karney and Bongart and interviewed Bongart.  Defendants are now moving to stay this case pending the resolution of the criminal investigation.  They argue that the investigation is so interrelated with the civil case that it prevents them from effectively defending themselves in this matter.

**DISCUSSION**

A court has the discretion to stay a case pending other proceedings. See <u>Lunde v. Helms</u>, 898 F.2d 1343, 1345 (8th Cir. 1990). "A stay of a civil trial until factually related criminal proceedings are concluded is sometimes warranted." <u>Id.</u> (citing <u>Wehling v. Columbia Broad. Sys.</u>, 608 F.2d 1084 (5th Cir. 1979)).

> However, a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege. Therefore, to warrant a stay, defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege . . . or that the two trials will so overlap that effective defense of both is impossible.

<u>Id.</u> (citing <u>Anglada v. Sprague</u>, 822 F.2d 1035, 1036-37 (11th Cir. 1987)).

Here, three of the five named Defendants have been compelled to provide evidence to the grand jury. The criminal investigation involves the same claims and issues as this civil case. Defendants have shown that the two proceedings place them in an arduous position of choosing between exercising their Fifth Amendment right against self-incrimination and vigorously defending their interests in this action. Although Plaintiffs have an interest in pursuing their claims and resolving the case expeditiously, Plaintiffs concede they may benefit from a stay if the criminal investigation reduces the scope of discovery or simplifies the issues in this case. More troubling is Plaintiffs' allegation that Defendant Anderson and his new clinic, Lake Street Chiropractic Clinic, are continuing to fraudulently bill Plaintiffs.[1]

---

[1] Plaintiffs are not paying the bills, but as a result, they are required to participate in arbitration proceedings, which Defendant Karney initiates. Plaintiffs have therefore asked in their Memorandum in Opposition that any stay in this case be conditioned on an order (1) enjoining Defendants Alivio and Anderson, as well as Lake Street Chiropractic Clinic, from submitting no-fault medical expense claims to Plaintiffs pending the resolution of this action,

Nevertheless, after considering all the facts and circumstances of this case, the Court finds that a stay is appropriate.

**CONCLUSION**

Defendants have adequately shown that the criminal investigation is so interrelated with this case that it prevents them from effectively defending themselves in this matter. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Joint Motion to Stay Proceedings (Docket No. 144) is **GRANTED**. This case is hereby stayed pending further order of this Court, with two exceptions. The parties may continue briefing Defendant Cardona's Motion to Dismiss, which the Court will hear as scheduled on April 6, 2006, and Plaintiffs may file a formal motion under Rule 65 for the relief they request in their Opposition to the Motion to Stay.

Dated: March 15, 2006

s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge

---

and (2) staying all no-fault arbitration proceedings identified by Plaintiffs and involving Alivio. The Court would benefit from hearing Defendants' response to this request, as well as hearing how Lake Street Chiropractic Clinic could be enjoined since it is not a party to this suit. Accordingly, Plaintiffs may file a formal motion under Rule 65.